UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. IRBY,

    Plaintiff,

v.

    Case No. 10-11712

    Paul D. Borman
    United States District Judge

ENTERPRISE RENTALS,

    Defendant.
_____/

OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2);
(2) DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (DKT. NO. 3); AND
(3) DISMISSING THE CASE PURSUANT TO 28 U.S.C. § 1915(e)(2)

This matter is presently before the Court on Plaintiff James E. Irby's Application to Proceed *In Forma Pauperis* and for Appointment of Counsel. (Dkt. Nos. 2, 3.) For the reasons that follow, the Court will GRANT Plaintiff's Application to Proceed *In Forma Pauperis* but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(i) and (ii) for being frivolous and for failing to state a claim on which relief can be granted. The Court further DENIES Plaintiff's Application for Appointment of Counsel as MOOT.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a)(1), under which a court may allow commencement of a civil action without prepayment of fees if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Based upon the information provided in Plaintiff's affidavit in support of his

1

Application to proceed without prepayment of fees, which indicates that Plaintiff has assets totaling $400 and receives $694 per month in social security income, this Court will grant Plaintiff's Application to Proceed *In Forma Pauperis.*

However, courts are also empowered, indeed required, under the *In Forma Pauperis* statute, to *sua sponte* dismiss complaints filed without prepayment of fees that are frivolous or that fail to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(i), (ii). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007) (instructing district courts to screen complaints filed by non-prisoners proceeding *in forma pauperis* and to dismiss those that fail under the requirements of § 1915(e)(2), holding that "[t]he complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed."). An IFP complaint is frivolous "where it lacks an arguable basis either in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff alleges in his Complaint that Defendant Enterprise Rental, a private company, violated his civil rights and "slandered" him by placing him on their "Do Not Rent List" in retaliation for an allegedly threatening letter that Plaintiff sent to an Enterprise employee. While Plaintiff cites no federal law pursuant which he states his claim, only referring generally to a violation of his "civil rights," the Court presumes that Plaintiff purports to state a claim under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). The

Court is mindful that a *pro se* litigant's complaint must be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under the most generous reading, the Court is unable to discern an arguable civil rights claim against Defendant, a private entity, and concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted.

For the reasons set forth above, the Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. No. 2), DISMISSES Plaintiff's Complaint (Dkt. No. 1) without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and DENIES Plaintiff's Application for Appointment of Counsel (Dkt. No. 3) as MOOT.

IT IS SO ORDERED.

                                                  S/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 30, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 30, 2010.

                                                  S/Denise Goodine
                                                  Case Manager